IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RYAN VINCENT GOOCH,** )<br>)<br>    **Plaintiff,** )<br>)<br>        v.  )<br>)<br>**GEORGIA DEPARTMENT OF** )<br>**CORRECTIONS,** *et al.*, )<br>        **Defendants.** )<br>) | CIVIL ACTION NO. 5:13-CV-317 (MTT) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 5). The Magistrate Judge, having reviewed the Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A(a), recommends the Plaintiff's claims against Chaplain Sidonie Hall and the Georgia Department of Corrections be dismissed. Specifically, the Magistrate Judge found the Complaint fails to state a claim against Hall, and the Eleventh Amendment bars suit against the Georgia Department of Corrections. The Plaintiff did not object to the Recommendation.

The Plaintiff's Complaint alleges the Defendants failed to provide him with a specific diet required by his religion. The Complaint is filled out on a 42 U.S.C. § 1983 form questionnaire available to pro se prisoners. But as the Recommendation makes clear, the Plaintiff's allegations come within the ambit of both the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA").

The Supreme Court held Congress did not abrogate the states' sovereign immunity from suit for money damages pursuant to RLUIPA. *Sossamon, v. Texas*, ___ U.S. ___, 131 S. Ct. 1651, 1658-59 (2011). However, "RLUIPA creates an express private cause of action for injunctive and declaratory relief against the government, which includes 'States, counties, municipalities, their instruments and officers, and persons acting under color of state law.'" *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (quoting *Sossamon*, 131 S. Ct. at 1656.). Because the Plaintiff does not seek damages in this action, dismissing his RLUIPA claim against the Georgia Department of Corrections at the § 1915A preliminary screening stage would be improper. *See Gardner*, 444 F. App'x at 355. The Plaintiff's § 1983 claim based on an alleged First Amendment violation against the Georgia Department of Corrections is properly dismissed because the DOC is an arm of the State and therefore not a "person" for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

The Court has reviewed the Recommendation, and the Recommendation is **ADOPTED in part** and made the order of this Court except to the extent it dismisses the Plaintiff's claim for injunctive relief pursuant to RLUIPA against the Georgia Department of Corrections. The claims against Hall are **DISMISSED without prejudice**, and the § 1983 claim against the Georgia Department of Corrections is **DISMISSED**. The claims against Warden Ahmed Holt and Deputy Warden Jonathan Fagan shall remain pending, and the RLUIPA claim against the Georgia Department of Corrections for injunctive relief shall remain pending.

**SO ORDERED**, this the 12th day of November, 2013.

                                                               _____
                                                               MARC T. TREADWELL, JUDGE
                                                               UNITED STATES DISTRICT COURT